UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14078-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

WILLIAM R. ROBERTS,

    Defendant/Petitioner.

_____/



FILED by _____ D.C.

JUN 21 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

**REPORT AND RECOMMENDATION ON MOTION TO RETURN
PROPERTY FORFEITED IN VIOLATION OF RULES 7(c) AND
32.2 F.R.CRM.P., UNDER RULE 41(g) F.R.CRM.P [D.E. #195]**

**THIS CAUSE** having come on to be heard upon the aforementioned motion and this Court having reviewed the motion, the government's response, as well as the Affidavit of Detective Scott Young of the St. Lucie County Sheriff's Office and the Declaration of Robert Del Toro with attachments, and this Court noting that the Petitioner has not filed a reply in respect to the government's response, this Court recommends to the District Court as follows:

    1.    The Petitioner was a named defendant in the above referenced criminal case. In the Indictment filed October 7, 2010, the Petitioner, along with co-defendant Morin, was charged in Counts One through Five with bringing aliens into the United States for the purpose of financial gain without prior authorization, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii). There were no forfeiture counts set forth in that Indictment.

    2.    The Petitioner entered his pleas of guilty to Counts One through Five of the Indictment on January 14, 2011 before the undersigned United States Magistrate Judge pursuant to a Plea Agreement [D.E. #99] which was reviewed with the Petitioner by this Court on the record at the change of plea hearing. Pursuant to that Plea Agreement, the Petitioner

agreed to plead guilty to Counts One through Five of the Indictment and he agreed to forfeit to the United States all right, title and interest he had in a 1989 Sea Ray boat, its engines, $1,157.00 in U.S. currency, and $18.00 in Bahamian currency.

3.  This Court issued a Report and Recommendation recommending that the Petitioner's pleas of guilty be accepted and that he be adjudicated guilty of those offenses pending sentencing before the District Court. The District Court adopted this Court's Report and Recommendation and sentenced the Petitioner on or about June 6, 2011 to a term of thirty-six months on Counts One and Two, and forty months on Counts Three through Five with all sentences to run concurrently. The Petitioner was also placed on two years of supervised release and ordered to surrender himself after completion of his sentence for deportation proceedings by United States immigration authorities.

4.  The Petitioner now files this motion within his criminal case requesting the return of $2,800.00 to him. The motion alleges that the money should be returned "to the Petitioner for the lack of jurisdiction over the same." The motion alleges that the Indictment listed property to be forfeited upon a criminal conviction, including $1,157.00 in U.S. currency. The motion alleges that the inventory of property seized at the time of his arrest included an additional $2,800.00 in U.S. currency not subjected to the forfeiture. This Court points out that the Indictment in this case does not contain any forfeiture counts. The Petitioner may be referring to the Plea Agreement referenced above wherein he agreed to forfeit the sum of $1,157.00 in U.S. currency along with a vessel described in the Plea Agreement.

5.  The government's response states that there were three separate amounts of U.S. currency seized in connection with the underlying criminal case. The government states that there was a Customs and Border Patrol (CBP) property receipt #4545804 in respect to $2,600.00 in U.S. currency seized from the co-defendant Alphonse Pierre and a CBP property

2

receipt #4558972 in respect to $200.00 in U.S. currency found in a purse on the vessel which was seized during this criminal investigation. Finally, the government states that there was a CBP property receipt #41540005 for $1,157.00 in U.S. currency seized from the Petitioner Roberts at the time of his arrest.

6.   The government's response states that the Office of Fines, Penalties and Forfeitures initiated an administrative forfeiture action in respect to $2,600.00 seized from co-defendant Pierre, and $1,157.00 seized from the Petitioner/Defendant Roberts. A separate administrative forfeiture action was initiated in respect to the $200.00 found in a purse on the seized vessel.

7.   The government has submitted the Declaration of Robert Del Toro, Officer for U.S. Customs and Border Protection/ Office of Fines, Penalties and Forfeitures, which attaches all of the documentation alleged to have been sent to the Petitioner in respect to these administrative forfeitures. The Court has reviewed those documents which reflect that Notices of Administrative Forfeitures dated October 27, 2010 were mailed to the Petitioner's residence in Marsh Harbor, Abacoa, Bahamas, by registered mail and first class mail. A receipt for certified mail signed by an individual purportedly acting on behalf of the Petitioner has been attached as an exhibit to the Del Toro Declaration.

8.   Additionally, copies of the Notices of Administrative Forfeiture dated October 27, 2010 were mailed to the Petitioner at the St. Lucie County Jail where he was incarcerated from on or about July 27, 2010 to June 21, 2011. The Affidavit of Detective Scott Young of the St. Lucie County Sheriff's Office, along with attachments, has been filed by the government in this matter. The Young affidavit asserts that the notices mailed to the Petitioner Roberts were provided to him while he was incarcerated.

9. The Notices of Administrative Forfeiture to the Petitioner specifically list several items of property, including the total sum of $3,757.00 of U.S. currency which the government submits consists of the $2,600.00 seized from co-defendant Pierre and $1,157.00 seized from the Petitioner Roberts. Further, a separate Notice concerning the $200.00 in U.S. currency seized from a purse on the vessel was sent by registered mail and first class mail to the Petitioner at the St. Lucie County Jail and were received by the Petitioner according to the Young Affidavit.

10. These Notices advised the Petitioner of the pendency of the administrative forfeiture proceedings and advised him that in the event he wished to challenge the forfeitures, that such a challenge must be filed no later than December 1, 2010. This Court has reviewed copies of these Notices attached as exhibits to the Del Toro Declaration. The Notices not only provided forms for the Petitioner to sign and file contesting the administrative forfeiture, but specifically gave him detailed instructions of the administrative forfeiture and how to challenge that action.

11. The Petitioner Roberts did not file a timely notice of challenging the administrative forfeiture prior to the December 1, 2010 deadline. Thereafter, Notices of Forfeiture were published in the *Miami Herald* in respect to the $2,600.00 and $1,157.00. Copies of the proof of publication are an exhibit attached to the Del Toro Declaration and reflect that they were published on consecutive weeks beginning February 8, 2011, February 15, 2011, and February 22, 2011. A separate Notice concerning the $200.00 seizure was posted in the U. S. Customs House according to regulations.

12. Neither the Petitioner nor any other interested party filed a challenge to the administrative forfeiture. Therefore, all three separately identified amounts of U.S. currency, along with the other items set forth in the Notice were administratively forfeited to the United

4

States. The administrative forfeiture of the $200.00 in U.S. Currency was completed on January 31, 2011. The administrative forfeiture as to the $2,600.00 and the $1,157.00 in U.S. currency was completed on February 28, 2011.

13. On or about December 22, 2011, over one year after expiration of the deadline for challenging the administrative forfeitures, the Petitioner Roberts filed two separate forms of Seizure Asset Claim Form, alleging entitlement to the $3,757.00 ($2,600.00 plus $1,157.00) and the $200.00 seized. After receiving those forms, the United States Office of Fines, Penalties and Forfeitures advised the Petitioner in a letter dated January 4, 2012 that his request was not timely filed. The Petitioner filed this Motion [D.E. #195] on or about May 7, 2012 setting forth three separate Rules of Criminal Procedure which he alleges are applicable to his request for return of property.

14. First he cites Federal Rule of Criminal Procedure, Rule 7, as a basis for recovery of these assets. However, Rule 7 only addresses the requirements of informations and indictments. It does not provide any relief such as requested by the Petitioner.

15. The Petitioner next cites Federal Rule of Criminal Procedure, Rule 32.2 insofar as it governs criminal forfeitures. However, the government did not proceed by way of a criminal forfeiture in this case. As referenced by this Court previously herein, the Indictment did not even contain a forfeiture count concerning any items of property seized in the underlying criminal case. The only document which mentioned any forfeiture was the Petitioner's Plea Agreement. The Plea Agreement contained a waiver of his rights to contest any forfeiture in respect to the vessel, its engines, and $1,157.00 in U.S. currency. There was nothing in the Plea Agreement which precluded the government from proceeding with an administrative forfeiture, which was the actual method pursued by the government in this matter. Therefore, this Court finds that Rule 32.2 has no application to the underlying facts in this case.

16. The Petitioner next cites Federal Rules of Criminal Procedure, Rule 41(g). This particular Rule governs the return of property that may have been seized from an individual by an unlawful search and seizure. There has been no allegation of an unlawful search and seizure in this case by any of the defendants, including the Petitioner Roberts. The motion before this Court does not allege any factual basis to support an allegation of unlawful search and seizure. The Petitioner's motion makes only conclusory statements that his property was "seized in violation of the due process clause of the Fifth and Fourteenth Amendments, without a jury finding of the facts surrounding the properties liable to forfeiture, and without the assistance of counsel guaranteed under the Sixth Amendment, when one's life, liberty or property is at stake." This Court notes that the Petitioner was represented by counsel at all times concerning this criminal prosecution. The Petitioner makes no specific factual allegations concerning an unlawful search and seizure. Further, the Petitioner made no such argument during the pendency of the underlying criminal case leading up to his pleas of guilty referenced above.

17. There has been nothing presented or even argued to this Court which would indicate that the Petitioner Roberts did not receive the Notices of the administrative forfeitures being pursued by the United States in respect to all of the U.S. currency seized and forfeited in this case. The Petitioner has made no such allegation by way of his pleadings. These Notices, copies of which are attached as exhibits to the Del Toro Declaration filed herein, do comport with the statutory requirements regarding the administrative forfeiture proceedings and do comport with providing the Petitioner with due process concerning his rights to challenge the administrative forfeiture of any of the properties listed in those Notices provided to him at his residence in the Bahamas and at the St. Lucie County Jail where he was incarcerated at the time that the administrative forfeitures were initiated.

18. The record is clear that the U.S. currency the Petitioner seeks to be returned were forfeited during an administrative forfeiture proceeding. As such, Rule 41(g) is unavailable as a vehicle for relief. United States v. Zambrano, 353 Fed. Appx. 227 (11th Cir. 2009); United States v. Watkins, 120 F.3d 254 (11th Cir. 1997).

19. When there is a Rule 41(g) pro se motion filed for return of property as the Petitioner has filed in this case, the Court may construe such a motion liberally and consider it to be a civil motion for relief invoking the Court's equitable jurisdiction. See Zambrano, supra. However, the decision to exercise such equitable jurisdiction is left to the Court and is appropriate only when the petitioner's conduct and the merits of his petition require judicial review to prevent manifest injustice. Exercise of equitable jurisdiction is only appropriate in exceptional circumstances. United States v. Quezada, 439 Fed. Appx. 824 (11th Cir. 2011). The Courts have held that it is inappropriate to exercise such equitable relief to return property obtained through criminal activity or property that the defendant voluntarily forfeited to the government as part of a plea agreement. See Zambrano, supra.

20. Equitable jurisdiction of such forfeitures is limited to cases where the owner of the property has clean hands. United States v. Reed, 340 Fed. Appx. 603 (11th Cir. 2009). Further, Petitioner Roberts was duly notified of the pendency of the administrative forfeiture proceedings in respect to this U.S. currency he seeks to be returned and the deadline for filing an action to challenge such forfeiture. He did not file such a request prior to the deadline of December 1, 2010. This would preclude him from recovering even in a separate civil proceeding. This Court does not find that the equities are with the Petitioner Roberts in this case requiring exercise of equitable jurisdiction to "prevent a manifest injustice." This Court recommends that the District Court decline to exercise any equitable jurisdiction whether it be within the review of the present

motion before the Court or in any subsequent civil proceeding which the Petitioner Roberts would attempt to initiate.

21. The Petitioner pled guilty to the underlying criminal offenses in this case in which it was alleged in the Indictment that he, along with others, brought aliens into the United States illegally for financial gain. During the investigation of the underlying criminal case, the currency sought by the Petitioner Roberts was seized. He does not challenge the $1,157.00 which was seized from his person and contained within the forfeiture provision of his Plea Agreement. He instead challenges the $2,600.00 seized from co-defendant Alphonse Pierre and the $200.00 found in a purse on the vessel.

22. A Notice was posted concerning forfeiture of the $200.00 at the U. S. Customs House. Notices of administrative forfeitures, identical to those mailed to the Petitioner, were also mailed to co-defendant Alphonse Pierre at the St. Lucie County Jail on the same date as the notices sent to the Petitioner Roberts. The Notices sent to Alphonse Pierre listed the same property including the Sea Ray vessel and the $3,757.00 in U.S. currency, among other items. The co-defendant Alphonse Pierre has not initiated any proceedings to seek the return of those items. Further, identical Notices were mailed to the other two co-defendants, Morin and Derilus, and no claims have been filed by them either.

23. In summary, a Rule 41(g) motion is an inappropriate vehicle to seek the return of such property as sought by the Petitioner. See Quezada, supra. Nevertheless, this Court has cited the case law which would permit the Court to construe this motion as a civil action for return of property under its exercise of equitable jurisdiction. However, as noted by this Court herein, such exercise of equitable jurisdiction is appropriate only when the Petitioner's conduct and the merits of his petition require judicial review to prevent a manifest injustice. As stated in Zambrano, supra, it would be inequitable to allow the Petitioner to recover monies obtained

8

either through criminal activity or property which was voluntarily forfeited to the government pursuant to a Plea Agreement. Finally, this Court finds that the Petitioner has not filed a timely claim to challenge the administrative forfeiture which has been concluded in respect to the $2,800.00 which the Petitioner now claims.

**ACCORDINGLY**, this Court recommends to the District Court that the Petitioner's Motion To Return Property [D.E. #195] be **DENIED**.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this _21_ day of June, 2012, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Carmen M. Lineberger
AUSA Antonia J. Barnes

William R. Roberts, pro se
Reg. No. 94424-004
McRae Correctional Institute
P.O. Drawer 30
McRae, Georgia 31055